IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-40176 |
| Anna F. Robinson, | ) | |
| | ) | |
| Debtor. | ) | |

## **OPINION**

This matter comes before the Court on the Trustee's objection to the debtor's Schedule C. The issue before the Court is whether a debtor may exempt a rare and valuable bible under the Illinois exemption statute, 735 ILCS 5/12-1001(a).

## **Facts**

The following facts are undisputed. The debtor is an employee at Stinson Memorial Library in Anna, Illinois. In 2003, the debtor was charged with clearing old and damaged books out of a storeroom at the library. While sorting the books, the debtor found a copy of the Book of Mormon.

The debtor is a member of The Church of Jesus Christ of Latter-day Saints. She was raised in the faith and has been a practicing Mormon since being baptized at age eight. As a librarian and a Mormon, the debtor recognized the import of the book she found and saved it. She was later able to authenticate the book as one of the first editions of the Book of Mormon ("the Book") published. Although missing the title page and suffering additional damage from its years of storage, the Book was appraised in 2003 as being worth at least $10,000.00. While the debtor didn't pay anything for the Book, she testified that the library relinquished the Book to her and has provided documentation confirming her ownership.

Because of its age and condition, the debtor testified that she keeps the Book in a Ziploc bag to protect it from further damage. Although she does not use it every day, she takes it out occasionally to show her children and fellow members of her church.

The debtor listed the Book on Schedule B. In addition to the rare copy, the debtor provided a separate list of 15 other copies of the Book of Mormon, including digital copies on her iPad and iPhone, shared between herself and her children. On Schedule C, the debtor claims the Book as 100% exempt as a bible pursuant to the Illinois exemption statute, 735 ILCS 5/12-1001(a). The debtor lists the current value of the Book as unknown. The parties agree that the Book of Mormon is a bible for the purpose of the Illinois exemption statute.

The matter was heard in Court on June 4, 2013, and the debtor testified. The parties were also given an opportunity to submit briefs on the issue.

## **Arguments**

The Trustee objects to the debtor's claimed exemption of the Book. The relevant section of the Illinois exemption statute reads as follows:

> The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
>
> (a) The necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents;

735 ILCS 5/12-1001(a). The Trustee doesn't dispute that a bible may be claimed as exempt under the statute. Rather, she argues that allowing the debtor to exempt the rare and valuable Book as opposed to one of ordinary value frustrates the intent of the legislature and the purpose of the exemption statute.

The Trustee bases her argument on the determination by the 7th Circuit Court of Appeals that the Illinois exemption statute is "ambiguous on its face and susceptible to various

interpretations." *In re Barker*, 768 F.2d 191, 195 (7th Cir. 1985). In *Barker*, the debtor attempted to "stack" his bankruptcy exemptions by using both the automobile exemption as well as the wildcard exemption to exempt all of his equity in a vehicle. *Id*. at 192. The Trustee objected to the use of both exemptions. *Id*. The bankruptcy court sustained the objection and, on appeal, the District Court affirmed the decision. The debtor appealed the decision to the 7th Circuit. *Id*. Finding that the statute was ambiguous on its face, the court found it appropriate to look at both the statute's legislative history and Illinois courts' general view on the exemption statutes. *Id*. at 195. The court ruled in favor of the debtor and allowed the exemption stacking. *Id*.

Similarly here, the Trustee argues that, as the statute has already been found to be ambiguous, this Court should look beyond the language of the statute to the purpose and intent of the statute and extrinsic aids like the rules of statutory construction. Using rules of statutory construction, the Trustee argues that the word "necessary" qualifies all of the items listed in subsection (a). Such a reading, she says, allows for an interpretation of the statute that is consistent with both the intent of the legislature and purpose of the exemption statute.

The Trustee cites *In re McClaren*, 227 B.R. 810 (Bankr. S.D. Ill. 1998). In that case, the court looked at whether the Illinois life insurance exemption protects the cash value of a debtor's life insurance when the beneficiary of the policy is a non-dependent family member. *Id*. at 811. The exemption statute in question exempted the cash value of life insurance policies made payable to a "child, parent, or other person dependent upon the insured." *Id*. The court decided whether the phrase "dependent upon the insured" modified "child," "parent," and "other person," or just "other person." In making its determination that the phrase "dependent upon the insured" modified all terms in the subsection, the court stated that its interpretation furthered the goals of

exemption law. *Id*. 813. It protected "the debtor in his subsistence, [the debtor's] family [whom] he is obligated to support, and the public." *Id.* quoting *In re Schriar*, 284 F.2d 471, 474 (7th Cir. 1960).

In arguing for the more limited interpretation of the exemption statute, the Trustee also relies on *In re Clark*, 714 F.3d 559 (7th Cir. 2013). In *Clark*, the court looked at whether a non-spousal inherited IRA is exempt under the Bankruptcy Code. *Id*. at 559. The court held that the bankruptcy code provides specific exemptions for retirement funds. *Id*. at 562. Inherited IRAs failed to qualify for that exemption because they are not savings reserved for use after their owners stop working. *Id*. The court noted that exemption statutes did not "throw creditors' claims to the wolves in order to enhance the savings and bequest motives," *Id*., and "it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law." *Id*. quoting *Rodriguez v. United States*, 480 U.S. 522, 525-26 (1987). "It is always possible to get more of whatever objective may have prompted a given clause, but 'no legislation pursues its purposes at all costs.'" *Id*. quoting *Rodriguez v. United States*, 480 U.S. 522, 526 (1987).

The Trustee argues that the purpose of the statute was to exempt a bible for devotional purposes. That purpose, she says, can be effected with any copy of the Book of Mormon. The copy found by the debtor, at almost 200 years old, is the least suitable to daily use. "Allowing the debtor to exempt this fragile and valuable collector's item would not advance the purpose of the bible exemption. It would, however, deprive creditors of a meaningful distribution on their claims." *Trustee's Brief in Support*, p. 7-8.

The debtor, on the other hand, argues that the exemption statute doesn't specify what type of bible may be claimed as exempt. Therefore, given the liberal construction of exemption statutes in favor of the debtor, the choice of what bible to exempt lies entirely with the debtor.

The debtor relies on *In re Deacon*, 27 F.Supp. 296 (1939). In *Deacon*, the debtor claimed a watch, a consistory ring, and a diamond shirt-stud as exempt as necessary wearing apparel. *Id*. at 296. The court looked at whether the valuable items qualified as exempt under the statute. That is, "whether or not such property was purchased and retained as an ornament or for speculative purposes or for necessary wearing apparel." *Id*.

The court stated that whether items qualified as necessary wearing apparel must be determined by the facts on a case-by-case basis. *Id*. The court looked at the financial circumstances and condition of the debtor's life prior to his bankruptcy and whether they justified the purchase of the items as wearing apparel. *Id*. Pointing to the debtor's prior financial standing and his constant usage of the articles, the court found the debtor intended to retain the property "not for profit or speculation, but purely to be worn by him." *Id*. The court noted that the circumstances of the case didn't lead them to find any intent to defraud creditors. *Id*. at 297.

The Trustee argues that the *Deacon* case is inapplicable. The items the debtor claimed as exempt were not of extraordinary value like the Book in the instant case. Furthermore, nothing in the *Deacon* case indicates that the debtor had numerous watches, rings, and diamond shirt-studs whereas, here, the debtor has numerous identical copies, some much more suited to daily use.

The debtor also points to the lack of a dollar limitation in 735 ILCS 5/12-1001(a) and the presence of such a limitation in other exemption statutes. This, the debtor argues, shows a

5

legislative intent that the exemption for a bible is meant to be unlimited. "One can only conclude that if the legislature wanted dollar limits on 735-ILCS 5/12-1001(a) personal property exemption then they would have placed such limits in such exemption." *Debtor's Brief in Support,* page 4.

The Trustee again argues that the word "necessary" modifies the entire subsection. A dollar limitation, therefore, was not needed because the term "necessary" already limits the type and value of property that can be claimed as exempt.

## **Analysis**

In Illinois, the primary rule of statutory construction is that courts should ascertain and give effect to the intent of the legislature. *U.S. Fire Ins. Co. v. Barker Car Rental*, 132 F.3d 1153, 1156-57 (7th Cir. 1997) citing *Abrahamson v. Illinois Dep't of Prof'l Regulation*, 153 Ill.2d 76 (1992). When interpreting a statute, a court should first examine the statutory language itself. *Barker*, 768 F.2d at 194-95 citing *In re Marriage of Logston*, 103 Ill.2d 266, 277 (1984). Statutory terms should be given their ordinary meaning. *Barker Car Rental*, 132 F.3d at 1156 citing *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill.2d 161 (1995).

If a court finds that the statutory language is clear and unambiguous, it should give the language its effect and should not resort to extrinsic aids. *Barker*, 768 F.2d at 196 citing *In re Marriage of Logston*, 103 Ill. 2d at 277. If the language is ambiguous, "the court may resort to extrinsic aids to construe the statute." *In re Allman*, 58 B.R. 790 (Bankr. C.D. Ill. 1986) citing *Barker*, 768 F.2d at 195. Extrinsic aids include "the purpose of the law and the evils [it] was designed to remedy." *Barker Car Rental*, 132 F.3d 1157 quoting *In re Application for Judgment*, 212 Ill.Dec. at 168. As explained *supra*, the 7th Circuit has determined that the Illinois

exemption statute is "ambiguous on its face and susceptible of various interpretations." *Barker*, 768 F.2d at 196 (7th Cir. 1985) citing *In re Marriage of Logston*, 103 Ill. 2d at 277.

Whether ambiguous or not, the meaning of the statutory language depends on its context. *Brown v. Gardner*, 513 U.S. 115, 118 (1994) quoting *King v. St. Vincent's Hospital*, 502 U.S. 215, 221 (1991). "Context, not just literal text, will often lead a court to Congress' intent in respect to a particular statute." *U.S. v. Webber*, 536 F.3d 584, 593-94 (7th Cir. 2008) quoting *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 127 (2005) (Breyer, J., concurring).

The purpose of the Illinois exemption statute is "to prevent a debtor from being completely deprived of the means of supporting his family and from becoming a public charge." *Barker*, 768 F.2d at 195. While courts have generally construed exemption statutes liberally in favor of the debtor, this does not give the debtor *carte blanche*. *McLaren*, 227 B.R. at 813 citing *In re Marriage of Logston*, 82 Ill.Dec. 633 (1984). "[D]eciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice – and it frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute's primary objective must be the law." *Clark*, 714 F.3d at 562 quoting *Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987).

Here, the debtor advocates a liberal reading of the statute. The Trustee, on the other hand, argues, in part, that the term "necessary" modifies all listed items in the subsection. She further argues that allowing an exemption for the valuable Book violates the intent and purpose of the statute. It is unnecessary to determine whether the term "necessary" modifies all terms in the series as the Court agrees with the Trustee's second argument that allowing the debtor's exemption will violate the intent and purpose of the statute. The plain language of the statute as well as its context supports the Trustee's second argument.

7

The statute in question provides for the exemption of "[t]he necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents." The items listed as eligible for exemption are items of personal significance to the debtor with little or no value to the bankruptcy estate: clothes, a bible, school books, and family pictures. Reading all listed items contextually, the Court finds it logical that the intent of the legislature in providing for the exemption of a bible was to protect a bible of ordinary value so as not to deprive the debtor of a worship aid.

The only case relied on by the debtor, *In re Deacon*, is distinguishable. In *Deacon*, the debtor sought to exempt clothes. 27 F.Supp. at 296. Unlike in the instant case, clothes are the only listed item in the subsection inarguably modified by the term "necessary." The court focused on the debtor's usage of the items and held that whether an item of wearing apparel was necessary must be determined on a case-by-case basis. *Id*. For example, "[t]he evidence shows that the watch, consistory ring and diamond shirt stud *was worn upon the person of said bankrupt from the date of their purchase to date of bankruptcy*." *Id*. (emphasis added). Again, "*his constant usage of the articles* shows his intention to retain the property…" *Id*. (emphasis added). Because of the constant usage, the court held that the items were necessary and allowed the exemption. *Id*.

Furthermore, in *Deacon*, the items the debtor claimed as exempt were unique. There was nothing to indicate that the items were one in a series of items – for example, one diamond ring and one cubic zirconia ring – otherwise identical and differing only in value. Here, however, the Book the debtor seeks to exempt is, except for its value, identical to other copies of the Book of Mormon that she owns.

The standards relied on by the *Deacon* court, the usage and the uniqueness of the item, are missing. Both in her brief and in testimony before this Court, the debtor testified that she owns several other copies of the Book of Mormon and rarely uses the Book in question. The debtor stated that the Book is fragile and damaged by both time and water. To prevent further damage and to protect the Book, the debtor keeps it stored in a Ziploc bag. She does not use it daily, but only takes it out of the bag occasionally to show family and church members. The debtor uses her other copies of the Book of Mormon in daily prayer. It is clear that the older Book is less useful to the debtor than the newer copies. Besides its age, the Book is identical to the other copies. There is no reason to favor an exemption of the valuable Book over a copy of ordinary value.

A statute should be interpreted in a way that fulfills the intent of the legislature. Of all the copies owned by the debtor, allowing an exemption for the valuable Book is least likely to do this. As stated above, the intent of the legislature in allowing for the exemption of a bible was to protect an ordinary bible for daily devotional purpose. As the Trustee points out in her brief, members of the Mormon faith are encouraged to read from the Book of Mormon daily. *Trustee's Brief in Support*, page 7. This Book, almost 200 years old and fragile from age and water damage, is unable to serve the purpose of a daily worship aid and, thus, does not fulfill the intent of the legislature in passing the statute.

This Court finds that the valuable Book may not be claimed as exempt pursuant to the Illinois exemption statute, 735 ILCS 5/12-1001(a). While it is important to note that the Court does not doubt the debtor's faith or sincerity in seeking to keep a Book that holds special meaning, the debtor's feelings cannot be considered in the interpretation of this statute. The Illinois exemption statute was passed, at least in part, with an intent to protect the bare

necessities of the debtor so as not to leave her penniless and a public charge. See *Barker*, 768 F.2d 191. A bible was included in the exemption statute to protect the debtor's daily devotional aid. The exemption of the rare and valuable Book fails to fulfill the intent of the legislature or purpose of the statute.

## Conclusion

For the reasons stated above, the Court finds that the debtor may not exempt the rare Book claimed on her Schedule C. The Trustee's Objection to Exemption is SUSTAINED.

ENTERED: August 20, 2013

/s/ Laura K. Grandy
UNITED STATES BANKRUPTCY JUDGE/4